UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                          Case No. 09-CR-185

ALEXANDER SALINAS,

    Defendant.

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO SEVER**

On July 28, 2009, a grand jury sitting in the Eastern District of Wisconsin returned a two-count indictment naming Alexander A. Salinas ("Salinas") as the defendant. Count One of the indictment charges Salinas with possessing a firearm, after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Count Two charges Salinas with "knowingly threaten[ing] to cause bodily harm to M.B. with the intent to retaliate against M.B. for testimony given by M.B. in case 05-CR-240, an official proceeding before the United States District Court for the Eastern District of Wisconsin," in violation of 18 U.S.C. § 1513(b)(1).

On August 24, 2009, the defendant filed a motion to sever the trial of Count One from the trial of Count Two of the indictment. In support of his motion to sever, the defendant presents two arguments. First, he argues that joinder of Count One with Count Two violates Federal Rule of Criminal Procedure 8(a) because the "offenses are not of the same or similar character, not based on the same act or transactions, and do not constitute parts of a common scheme or plan." (Def.'s Br. at 1.) Alternatively, Salinas argues that, even if the offenses were properly joined under Rule 8(a), the offenses should nevertheless be severed pursuant to Federal Rule of Criminal Procedure 14(a) because "[i]f the two offenses are tried together, the government will be allowed to introduce

evidence that would be irrelevant at a separate trial," thereby causing prejudice to Salinas. (Def.'s Br. at 4-5.)

In opposition to the defendant's motion to sever, the government argues that there has been no misjoinder under Rule 8 or under Rule 14. First, the government asserts that the charges are properly joined under Rule 8(a) because the "defendant committed the firearm possession and witness intimidation all as part of . . . a common scheme or plan, that is racketeering as a member of the Milwaukee Chapter of the Latin Kings street gang." (Gov't's Resp. Br. at 4.) More specifically, the government states that "[o]n the day Salinas was arrested for the felon in possession charge he confronted and threatened a known Latin King gang member, M.B.[,] who assisted law enforcement," and the government anticipates calling M.B. as a gang expert for purposes of the felon in possession charge against Salinas. (Gov't's Resp. Br. at 2.) Second, the government states that the defendant "must establish that he suffered actual prejudice" from denial of a motion to sever, necessarily implying that Salinas cannot establish actual prejudice. (Gov't's Resp. Br. at 4.)

Federal Rule of Criminal Procedure 8(a), governing the joinder of offenses involving a single defendant, provides, in relevant part:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The court must look to the face of the indictment to determine the propriety of joinder under Rule 8. *United States v. Alexander*, 135 F.3d 470, 475 (7th Cir. 1998). Generally, "there is a strong policy preference in favor of the joinder of qualifying charges and . . . the rule must be broadly construed toward that end." *Alexander*, 135 F.3d at 476; *see also United States v. Archer*, 843 F.2d 1019, 1021 (7th Cir. 1988). The Seventh Circuit has held that Rule 8(a) "is a rather clear directive

to compare the offenses charged for categorical, not evidentiary, similarities." *Alexander*, 135 F.3d at 476 (quoting *United States v. Coleman*, 22 F.3d 126, 133 (7th Cir. 1994)). Thus, "[c]ounts may be joined pursuant to this prong of the rule if the offenses 'are of like class,' even if they are not temporally or evidentially related." *Id.* (quoting *Coleman*, 22 F.3d at 133).

The government does not argue, and rightfully so, that the two offenses are of the same or similar character or are based on the same act or transaction. The felon in possession of a firearm and witness intimidation offenses are not of "like class," and because the alleged offenses occurred nearly eight months apart, they cannot be based on the same act or transaction. Thus, the issue in the instant action is whether the two offenses are "connected with or constitute parts of a common scheme or plan." *See* Fed. R. Crim. P. 8(a). "In determining whether the connection is sufficient for the purpose of Rule 8(a) 'the court should be guided by the extent of evidentiary overlap.'" *United States v. Raineri*, 670 F.2d 702, 708 (7th Cir. 1982) (quoting *United States v. Zouras*, 497 F.2d 1115, 1122 (7th Cir. 1974)). Moreover, the Ninth Circuit recognized that "because the words [common scheme or plan] are self defining, courts generally permit joinder under this test where the counts 'grow out of related transactions.'" *United States v. Jawara*, 474 F.3d 565, 574 (9th Cir. 2007) (citing *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996)) (stating further that the test is "whether [c]ommission of one of the offenses []either depended upon []or necessarily led to the commission of the other; proof of the one act [] either constituted []or depended upon proof of the other").

In support of its proposition that there is sufficient evidentiary overlap with respect to the two charges, the government relies on *Raineri* and *United States v. Balzano*, 916 F.2d 1273 (7th Cir. 1990). *Raineri* involved a five-count indictment where the defendant was charged with three counts of causing travel and using a facility in interstate commerce to promote a business involving illegal

3

prostitution, one count of perjury, and one count of threatening a grand jury witness for significant testimony regarding the defendant's involvement in the prostitution enterprise. 670 F.2d at 705, 709. In holding that the charges were properly joined under Rule 8(a), the *Raineri* court stated that "[p]roof of the Travel Act count tended to show motive for the charged perjury and threat, and proof of the perjury and threat tended to show defendant's awareness of guilt of the Travel Act counts." *Id.* at 708-09.

In *Balzano*, the defendant was charged with four counts of extortion, one count of conspiracy to violate the Racketeering Influenced and Corrupt Organizations Act (RICO), and one count of threatening and intimidating a grand jury witness. 916 F.2d at 1276. The defendant challenged the joinder of his witness intimidation count with the remaining counts, *id.* at 1279-80, but the court found that the witness intimidation count was "clearly part and parcel of the same criminal scheme" because the defendant's "gestures were intended to silence and throw fear into [the grand jury witness] before testifying about [the defendant's] participation in the conspiracy and extortion counts," *id.* at 1280. Thus, the court held that joinder complied with the requirements of Rule 8(a). *Id.*

The present action can be easily distinguished from *Raineri* and *Balzano* because, unlike the witnesses in *Raineri* and *Balzano*, M.B. is not a witness to the felon in possession charge and did not and will not testify before the *grand jury* with respect to the defendant having possessed a firearm. Here, the only link between the two charged offenses is a witness, M.B., who may serve as a gang expert at the felon in possession trial and who may "prove the defendant was a gang member at the witness intimidation trial." (Gov't's Resp. Br. at 2.) Such a tenuous link of evidence is insufficient to establish the requisite nexus required for the common scheme or plan brand of joinder.

Indeed, it was not the weapon charge that motivated Salinas to allegedly intimidate M.B. It

4

was testimony in the 2005 case that appears to have served as the motivating factor. Therefore, proof of the felon in possession charge does not tend to show motive for the charged witness intimidation, and proof of the witness intimidation does not tend to show the defendant's consciousness of guilt on the possession charge. Consequently, evidence of the unrelated offenses would likely be inadmissible in separate trials under Federal Rule of Evidence 404(b). While the government intends to call the same individual as a witness in each case, there is little, if any, evidentiary overlap for purposes of satisfying the requirements of Rule 8(a).

Additionally, the charged offenses are not temporally connected. The Seventh Circuit has taken a categorical approach with respect to the scope of Rule 8, finding that a comparison of the "offenses charged for categorical, not evidentiary, similarities," best comports with the language of Rule 8(a). *See United States v. Coleman*, 22 F.3d 126, 133 (7th Cir. 1994). But, it has also intimated that temporal and evidentiary connections play a more important factor in determining whether offenses are properly joined as being part and parcel of a common scheme or plan. *See id.* In the instant case, there is a period of nearly eight months separating the offenses. That the charged offenses are temporally unrelated is particularly significant because it supports the conclusion that the offenses did not grow out of related transactions. As the defendant aptly points out, the defendant is not charged with threatening a witness in his felon in possession of a firearm charge or with possessing a firearm while threatening a witness. Rather, he is charged with intimidating a witness for giving testimony in an unrelated case almost eight months after allegedly possessing a firearm illegally. Such a connection can hardly justify joinder under Rule 8(a).

On the face of the indictment, joinder of Count One and Count Two is improper. Although the government contends that Salinas committed both offenses as part of a racketeering scheme or plan, nowhere in the indictment are the felon in possession offense and the witness intimidation

5

offense alleged to be part of a common racketeering plan or scheme. Indeed, and as previously discussed, the indictment indicates that Salinas allegedly retaliated against M.B. for testimony given in a wholly unrelated case, one which occurred in 2005. Therefore, the indictment presents an even weaker nexus between Count One and Count Two than what can be gleaned of the facts of this case from the parties' briefing.

Because the two offenses are not of the same or similar character, are not based on the same act or transaction, and are not connected with or constitute parts of a common scheme or plan, the motion to sever for misjoinder will be granted pursuant to Rule 8(a). Because I am granting severance of the two indicted offenses under Rule 8(a), I need not address the defendant's remaining argument that severance should be granted under Rule 14.

**NOW THEREFORE IT IS ORDERED** that defendant's motion to sever his trial on Count One from his trial on Count Two of the indictment be and hereby is **GRANTED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Criminal Procedure 59(a), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of the date of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

**SO ORDERED** this 25th day of September, 2009, at Milwaukee, Wisconsin.

s/ William E. Callahan, Jr.<br>
WILLIAM E. CALLAHAN, JR.<br>
United States Magistrate Judge